IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

BEVERLY D. CRITES,

    Plaintiff,

v.                                CASE NO. 2:07-cv-00677

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**M E M O R A N D U M   O P I N I O N**

    This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the court on Plaintiff's motion for judgment on the pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

    Plaintiff, Beverly Diane Crites (hereinafter referred to as "Claimant"), filed an application for DIB on January 22, 2002, alleging disability as of January 11, 2000, due to a ruptured disc in her neck and arthritis in her knees and ankles. (Tr. at 112-15, 128.) The claim was denied initially and upon reconsideration. (Tr. at 69-72, 74-75.) On September 23, 2002, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 76.) The hearing was held on August 25, 2003, before the Honorable John Murdock. (Tr. at 540-69.) On September 18, 2003, the ALJ

determined that Claimant was not entitled to benefits.  (Tr. at 55-64.)  On March 18, 2005, the Appeals Council remanded Claimant's case to the ALJ.  (Tr. at 65-68.)  On September 22, 2005, the ALJ held a supplemental hearing.  (Tr. at 570-618.)  By decision dated February 9, 2006, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 25-36.)  The ALJ's decision became the final decision of the Commissioner on September 14, 2007, when the Appeals Council denied Claimant's request for review.  (Tr. at 9-13.)  On October 25, 2007, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2006).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  Id. § 404.1520(b).  If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2006).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in

3

substantial gainful activity since the alleged onset date.  (Tr. at 27.)  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of fibromyalgia, cervical radiculopathy, knee impairment and ankle problems.  (Tr. at 31.)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 31.)  The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations.  (Tr. at 33.)  As a result, Claimant cannot return to her past relevant work.  (Tr. at 33.)  Nevertheless, the ALJ concluded that Claimant could perform jobs such as non-emergency dispatcher, information clerk, and sorter, which exist in significant numbers in the national economy.  (Tr. at 35.)  On this basis, benefits were denied.  (Tr. at 35.)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting

4

Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was forty-seven years old at the time of the first administrative hearing and forty-nine years old at the time her insured status expired on December 31, 2004. (Tr. at 543.) Claimant graduated from high school. (Tr. at 543.) In the past, she worked in housekeeping for a hospital, as a cashier at a convenience store and as a packer for a small manufacturing company. (Tr. at 543-45.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record. Claimant suffers from a myriad of health problems. She underwent cervical diskectomy at C5-6 in May of 2000. (Tr. at 180.) Claimant was diagnosed with fibromyalgia, osteoarthritis and chronic pain syndrome in 2003. (Tr. at 414,

422.) In addition, Claimant was diagnosed with mild right carpal tunnel syndrome and depression. (Tr. at 242, 262, 420.)

The record also includes extensive evidence developed after Claimant's insured status expired on December 31, 2004, which reveals that Claimant underwent knee surgery and that at least two sources opined that Claimant was capable of less than a full range of sedentary work. (Tr. at 488-91, 501, 516.)

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erroneously assessed Claimant's pain and credibility; (2) the ALJ failed to consider Claimant's impairments in combination; (3) the ALJ failed to afford proper weight and credibility to the functional capacity evaluation by Art Smith and the vocational evaluation by Robert Williams; (4) the ALJ failed to afford proper weight to the opinions of Dr. Richard Douglas; (5) the ALJ erred in opining that Claimant's impairments had not resulted in an inability to perform fine and gross movements effectively; and (6) the ALJ failed to give proper weight to the opinions of Dr. Alex Ambroz. (Pl.'s Br. at 14-22; Pl.'s Reply at 1-10.)

The Commissioner argues that (1) substantial evidence supports the ALJ's decision that Claimant had the residual functional capacity to perform a limited range of sedentary work, including jobs identified by the vocational expert; (2) substantial evidence

supports the ALJ's evaluation of the medical evidence; (3) the ALJ properly considered Claimant's mental impairments; (4) Claimant relies on evidence after the expiration of her insured status; (5) substantial evidence supports the ALJ's decision that Claimant's allegations regarding her subjective complaints of pain and limitation are not totally credible; and (6) the ALJ incorporated all of the limitations that were supported by the record in the hypothetical question that he posed to the vocational expert. (Def.'s Br. at 19-37.)

The court finds that the ALJ's decision is not supported by substantial evidence for the following reasons.  First, the ALJ gave significant weight to the opinion of Claimant's treating physician, Joseph A. Snead, M.D.  (Tr. at 33.)  On March 17, 2004, Dr. Snead opined that Claimant was limited to sedentary work and should <u>never</u> perform climbing, balancing or reaching and should only occasionally stoop, kneel, crouch, crawl, stretch, squat and bend.  (Emphasis added; tr. at 428-29.)  In his decision the ALJ, after evaluating other evidence of record, ultimately concluded that Claimant is limited to sedentary work, reduced by an inability to climb ropes, ladders, or scaffolds, kneel, or crawl, that Claimant can only occasionally stoop and crouch, that she could not perform work requiring gripping with the non-dominant hand and that she should avoid all exposure to machinery and heights.  (Tr. at 33.)

7

Notably, at the first administrative hearing, Claimant testified that she had difficulty reaching, mainly with her right dominant arm. (Tr. at 556.) At the second administrative hearing, the vocational expert testified that if a person were limited to less than occasional reaching, the jobs he identified (non-emergency dispatcher, information clerk, and sorter) would be eliminated. (Tr. at 615.) The vocational expert testified that these jobs are classified as "occasional reaching ... it's not frequent and not constant, it's only occasional reaching ...." (Tr. at 615.)

The ALJ did not address the fact that Dr. Snead found that Claimant could not reach, even though he ultimately adopted Dr. Snead's opinion, at least insofar as Dr. Snead opined that Claimant was limited to sedentary work.[1] When all the limitations opined by Dr. Snead were included in a hypothetical question to the vocational expert, including the limitation related to reaching, the vocational expert could identify no jobs. (Tr. at 612-15.) Dr. Snead's opinion, coupled with the other substantial evidence of record related to the relevant time period, indicates that Claimant meets the requirements for disability and should have been awarded benefits prior to the expiration of her insured status, no later

---

[1] The court notes that at least one State agency source opined that Claimant was limited in reaching in all directions. (Tr. at 354.) Although the ALJ did not rely on this opinion because he found that Claimant was more limited, the State agency source opinion regarding reaching is somewhat consistent with the opinion of Dr. Snead. (Tr. at 33.)

than the date of Dr. Snead's opinion, March 17, 2004.

Next, the court finds that the ALJ's pain and credibility analysis is not in keeping with the applicable regulation, Social Security Ruling ("SSR") and case law and is not supported by substantial evidence. 20 C.F.R. § 404.1529(b) (2006); SSR 96-7p, 1996 WL 374186 (July 2, 1996); <u>Craig v. Chater</u>, 76 F.3d 585, 594 (4th Cir. 1996). In his decision, the ALJ determined that Claimant met the threshold finding of producing evidence of an impairment that could reasonably be expected to cause the alleged symptoms. (Tr. at 31.) The ALJ acknowledged Claimant's daily activities, the location, duration, frequency, and intensity of Claimant's pain, precipitating and aggravating factors and Claimant's medication. (Tr. at 32.)

The ALJ concluded that Claimant's "allegations are credible to the extent that she is limited to sedentary work but not to the extent that all work is precluded" (Tr. at 32), but he never explained why. In a case such as this, where Claimant has extensive and complex medical impairments and the ALJ permitted the submission of a brief from Claimant's counsel about onset of disability, the court would have expected a more thorough explanation about why the ALJ found that Claimant was not credible.

The court declines to address the remaining arguments raised by counsel. The court concludes that the ALJ's decision is not supported by substantial evidence and that instead, Claimant has

established that she was disabled no later than March 17, 2004. As such, remand is appropriate for a determination of onset.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**, this matter is **REVERSED** and **REMANDED** for further administrative proceedings related to determining the date on which Claimant became disabled, pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is **DISMISSED** from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: March 20, 2009

Mary E. Stanley
United States Magistrate Judge